UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENNETH P. NELSON,         )<br>                              )<br>         Plaintiff        )<br>v.                            )         No.  1:15-cv-450-JAW<br>                              )<br>CAROLYN W. COLVIN, Acting    )<br>Commissioner of Social Security,   )<br>                              )<br>         Defendant        )| |

### ORDER ON PLAINTIFF'S MOTION TO COMPEL

The *pro se* plaintiff in this Social Security appeal moves to compel the defendant to produce a videotape of the hearing held before the administrative law judge concerning his application for benefits giving rise to this action.  Motion (ECF No. 12).  He also seeks notes made by the administrative law judge and any witnesses, and an order directing the defendant to preserve these evidentiary materials.  *Id*.

The defendant responds that the Social Security Administration does not make video recordings of administrative hearings.  Defendant's Response to Plaintiff's Motion to Compel ("Opposition") (ECF No. 13) at 1.  *See* Program Operations Manual System DI 80850.005.  She has informed the plaintiff that the audio recording of his hearing is available for his review.  Opposition at 1.  The defendant has made no attempt to demonstrate that a video recording was in fact made of his hearing, contrary to the defendant's policy.

With respect to the administrative law judge's notes, if they exist, they are not available to the plaintiff, or to any applicant for benefits.  Notes made during the deliberative process of a Social Security administrative proceeding are not available outside the agency.  20 C.F.R. § 402.95(a). Seventy-five years ago, the Supreme Court held, in a decision that is still in force,

1

that decision-makers in administrative proceedings before government agencies cannot be subjected to scrutiny of their mental processes; "the integrity of the administrative process must be . . . respected." *United States v. Morgan*, 313 U.S. 409, 422 (1941).

More recently, the Third Circuit has rejected an attempt to probe the thought processes of an administrative judge in a Social Security hearing. *Grant v. Shalala*, 989 F.2d 1332, 1345 (3d Cir. 1993), and a federal district court has rejected the request of an applicant for Social Security benefits on appeal from the decision of an administrative law judge to obtain the notes of a witness who testified before the administrative law judge. *Kuzak v. Colvin*, No. 1:13CV754, 2014 WL 4545917, at *12 (N.D. Ohio Sept. 12, 2014).

The reasoning of these courts is persuasive. This court reviews the decision of the administrative law judge and the record upon which that decision was based; the extra-administrative record thought processes of the judge and the witnesses is not a permissible subject of appeal.

For the foregoing reasons, the plaintiff's motion to compel is **DENIED**.[1]

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 28th day of January, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[1] Because the plaintiff is not entitled to the evidence he seeks, his request for an order ensuring its preservation is denied as well.